JESSE M. CARYL, Bar No. 208687
Ford & Harrison LLP
350 South Grand Avenue, Suite 2300
Los Angeles, CA 90071
Telephone: (213) 237-2400
Facsimile: (213) 237-2401
Email: jcaryl@fordharrison.com

NORMAN A. QUANDT, GA Bar No. 590575
(*pro hac vice*)
Ford & Harrison LLP
1275 Peachtree Street N.E.
Atlanta, GA 30309
Telephone: (404) 888-3845
Facsimile: (404) 888-3863
Email: nquandt@fordharrison.com
Attorneys for Plaintiff SKY CHEFS, INC.

RICHARD DOYLE, City Attorney (#88625)
GEORGE RIOS, Assistant City Attorney (#77908)
STEVEN B. DIPPELL, Sr. Deputy City Attorney (#121217)
Office of the City Attorney
200 East Santa Clara Street
San José, California 95113-1905
Telephone Number: (408) 535-1900
Facsimile Number: (408) 998-3131
E-Mail Address: cao.main@sanjoseca.gov

Attorneys for CITY F SAN JOSE, CALIFORNIA

*E-Filed 02/16/2010*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA -- SAN JOSE DIVISION

| | |
|---|---|
| SKY CHEFS, INC.,<br><br>                  Plaintiff,<br>v.<br>CITY OF SAN JOSE, CALIFORNIA,<br><br>                  Defendant. | Case No. C09 03735 RS<br><br>**STIPULATION AND [PROPOSED] ORDER GRANTING PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>AS AMENDED BY THE COURT |

## **STIPULATION**

The undersigned parties, by and through their counsel of record, herewith stipulate to the following:

1. Plaintiff Sky Chefs, Inc. ("Plaintiff") concluded following recently completed discovery that, in addition to its existing arguments, Plaintiff might have an equal

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

STIPULATION AND [PROPOSED] ORDER
RE: PLAINTIFF FILING 2ND AMENDED COMPL.

- 1 -

C09 03735 RS
630903.DOC

protection/irrational classification defense to Defendant City of San Jose's ("Defendant") attempted application of its living wage ordinance to Plaintiff's operations at the San Jose International Airport. Defendant denies that any equal protection arguments apply in this case.

2. Plaintiff desires to file the second amended complaint attached hereto as Exhibit A, which contains some minor modifications and a new cause of action contending that the aforementioned ordinance violates the equal protection provisions in the California and United States Constitutions. Although the Defendant contends that this new cause of action, as well as the Plaintiff's existing claims, have no merit, Defendant consents to Plaintiff filing the attached second amended complaint without waiving any defense thereto. As a result, Plaintiff asks that the court grant Plaintiff leave to file the attached second amended complaint in accordance with Rule 15(a)(2) of the Federal Rules of Civil Procedure.

3. The parties agree that the attached second amended complaint shall be deemed filed and served on the date the court issues the order set forth below.

4. Defendant shall have twenty days from notice of entry of this order to respond to the Plaintiff's second amended complaint.

5. To allow time for Defendant to respond to the second amended complaint, and for the parties to resolve some discovery and scheduling issues, the parties jointly request that the case management conference currently scheduled for February 25, 2010, be continued for approximately thirty days, to a date convenient to the court.

Dated: February 16, 2010    FORD & HARRISON LLP

By: _____
NORMAN A. QUANDT
Attorneys for Plaintiff
SKY CHEFS, INC.

Dated: February 16, 2010    RICHARD DOYLE, City Attorney

By: _____
STEVEN B. DIPPELL
Sr. Deputy City Attorney
Attorneys for CITY OF SAN JOSE, CALIFORNIA

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

STIPULATION AND [PROPOSED] ORDER
RE: PLAINTIFF FILING 2ND AMENDED COMPL     - 2 -

C09 03735 RS
630903.DOC

## ORDER

Having read and considered the stipulation set forth above, and finding good cause for the actions requested therein, it is ordered that:

1. Plaintiff is granted leave to file the attached second amended complaint, which shall be deemed filed and served on the date of this order;

2. Defendant shall have twenty days from notice of entry of this order to respond to the second amended complaint; and

3. The case management conference currently scheduled for February 25, 2010, is continued to __May 20, 2010*__, and the parties' Joint Case Management Statement is due no later than __May 13, 2010__.

Dated: 02/16/2010

_____
HON. RICHARD SEEBORG

*The Case Management Conference will take place at 10:00 a.m. in Courtroom 3 on the 17th Floor of the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California.

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

STIPULATION AND [PROPOSED] ORDER
RE: PLAINTIFF FILING 2ND AMENDED COMPL       - 3 -

C09 03735 RS
630903.DOC

**EXHIBIT A**

Jesse M. Caryl, Bar No. 208687
Ford & Harrison LLP
350 South Grand Avenue, Suite 2300
Los Angeles, CA 90071
Telephone: (213) 237-2400
Facsimile: (213) 237-2401
Email: jcaryl@fordharrison.com

Norman A. Quandt, GA Bar No. 590575
(*pro hac vice*)
Ford & Harrison LLP
1275 Peachtree Street N.E.
Atlanta, GA 30309
Telephone: (404) 888-3845
Facsimile: (404) 888-3863
Email: nquandt@fordharrison.com

Attorneys for Plaintiff
Sky Chefs, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA -- SAN JOSE DIVISION

| | |
|---|---|
| Sky Chefs, Inc., <br><br> Plaintiff, <br><br> v. <br><br> City of San Jose, California, <br><br> Defendant. | Case No. C09 03735 RS <br><br> **SECOND AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |

## INTRODUCTION

1. This is an action for injunctive and declaratory relief intended to halt the effort of Defendant City of San Jose, California ("Defendant" or "the City") to apply its recently amended Norman Y. Mineta San Jose International Airport Living Wage Ordinance, Title 25, Chapter 25.11 of the San Jose Municipal Code ("the LWO") to Plaintiff Sky Chefs, Inc.'s ("Plaintiff" or "Sky Chefs") employees.

Plaintiff filed its original Complaint on August 14, 2009 asserting that the LWO should be enjoined as preempted by federal law, including specifically the Railway Labor Act and the Airline Deregulation Act. Following discussions with the City, and to avoid any jurisdictional debate, Plaintiff filed a First Amended Complaint on October 22, 2009 reasserting the same preemption claims under the Supremacy Clause of the United States Constitution. After conducting initial discovery, Plaintiff has learned that additional Constitutional provisions, namely the Equal Protection Clauses of both the U.S. and California Constitution also bar the City's application of the LWO to Plaintiff. This Second Amended Complaint adds these allegations.

## JURISDICTION

2. This action arises under art VI, cl. 2, ("Supremacy Clause") and amend. XIV, § 1 ("Equal Protection Clause") of the United States Constitution as well as various federal statutes, specifically the Railway Labor Act, 45 U.S.C. § 150, et. seq. ("RLA"), and the Airline Deregulation Act, 49 U.S.C. § 1305 (a)(1) (1988) ("ADA"). Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331, 1332 and 1337.

3. Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. § 2201, § 2202, Rules 57 and 65 of the Federal Rules of Civil Procedure, and the general legal and equitable powers of this Court.

## VENUE AND INTRA-DISTRICT ASSIGNMENT

4. Venue is proper under 28 U.S.C. § 1391(b) because Defendant resides and is located in this district.

5. Pursuant to Local Rule 3-2(d), intra-district assignment to the San Jose Division is proper because Defendant is located in the County of Santa Clara and Plaintiff's pertinent operations were conducted at the Norman Y. Mineta San Jose International Airport in the County of Santa Clara.

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

SECOND AMENDED COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF

## PARTIES

6. Plaintiff is a Delaware corporation doing business as LSG Sky Chefs with its corporate headquarters and principal place of doing business in Irving, Texas. Plaintiff provides tailor made in-flight services for all types of airlines in the United States. The three main areas of service include airline food catering, in-flight equipment and logistics and in-flight management. Plaintiff employs approximately 8,000 people in the United States with operations at most major airports throughout the United States.

7. Plaintiff currently employs approximately 85 individuals who provide these services to approximately 11 major airlines and 9 smaller airlines or charter companies operating in and out of the San Jose International Airport.

8. Plaintiff is the only company with the equipment to provide on-site "autoclave" services to airlines at the San Jose International Airport. An "autoclave" is a cooker that allows airlines to burn and sanitize waste material (i.e., food, paper, etc.) left on board an aircraft. Federal regulations require all airline operating international flights to have arrangements in place to burn and sanitize such waste on site at the destination airport. On information and belief, without Plaintiff's autoclave, the City of San Jose could not be designated as an International airport pursuant to federal regulations.

9. Plaintiff is a wholly owned subsidiary of Duetche Lufthansa A.G., the airline commonly known as "Lufthansa Airlines." Although Plaintiff itself does not directly provide air transportation services, due to its ownership, the fact that it operates under the extensive control of air carriers, and performs services that are traditionally performed by air carriers, the National Mediation Board has previously determined that Plaintiff is a "carrier" subject to the Railway Labor Act.

10. Plaintiff has standing to bring this action as it is directly threatened with significant harm, including but not limited to irretrievable financial harm, loss of employee morale, and disruption of its normal labor relations as a result of

Defendant's recent actions seeking to impose its LWO on Plaintiff's operations at the San Jose International Airport.

11. Defendant is a municipal corporation organized under the laws of the State of California. Defendant employs the City of San Jose Office of Equality Assurance Director and City of San Jose City Attorney who are directly responsible for attempting to apply and enforce the LWO against Plaintiff.

## FACTUAL ALLEGATIONS
### The Collective Bargaining Agreement between Plaintiff and UNITE HERE

12. All of Plaintiff's flight service employees, including those employed at or near the San Jose International Airport, are represented by the UNITE HERE International Union ("UNITE HERE" or "the Union"). Plaintiff and the Union (including its predecessors) have been parties to a collective bargaining agreement known as the Master National Agreement dating back approximately 40 years. The Master National Agreement has been amended approximately every five (5) years thereafter in accordance with the processes set forth in the RLA.

13. The Master National Agreement sets forth the terms and conditions of employment of Plaintiff's unionized employees throughout the country including, but not limited to, hours of employment, overtime, handling of tips, holidays, vacations, health and welfare benefits, pensions, reporting pay, sick leave pay, jury duty pay, paid funeral leave, child care subsidy, safety and performance bonuses, parking subsidies, and grievance and arbitration procedures.

14. The Master National Agreement also incorporates numerous Local Wage Supplements applicable to Plaintiff's employees in different parts of the country. These Local Wage Supplements set forth pay rates based on local area standards for employees performing similar duties as Plaintiff's employees in the local hotel and/or restaurant industry. These pay rates are adjusted periodically (although no more frequently than every 12 months) through negotiations and, if

necessary, arbitration between Plaintiff and the Union to maintain parity with local area standards. The current hourly rates applicable to Plaintiff's San Jose area employees range from $8.00 per hour to $16.80 per hour depending upon the employee's job classification and months of service plus various hourly differentials tied to whether the employee is performing "lead" or "managerial" duties.

15. The current Master National Agreement between Plaintiff and the Union is dated June 12, 2008, and is not subject to amendment until April 2010.

16. The current Local Wage Supplement applicable to Plaintiff's San Jose area flight service workforce is also not subject to amendment until April 2010.

**Defendant's Attempt to Apply/Enforce the LWO**

17. On or about June 11, 2009, Defendant, acting by and through its Office of Equality Assurances, notified Plaintiff by email that it had "identified a violation of the Airport Living Wage Ordinance" and demanded that Plaintiff provide wage-related documentation by June 21, 2009 "to determine the amount of restitution."

18. On June 19, 2009, Plaintiff emailed a letter to Defendant's Office of Equality Assurances outlining various reasons founded in federal preemption why the Company was not subject to the LWO. Plaintiff concluded its letter by requesting that Defendant postpone the deadline for Plaintiff to produce the documents sought by the Office of Equality Assurances so that the legal issues raised in the Company's letter could be reviewed and determined.

19. By letter dated July 14, 2009, Defendant rejected Plaintiff's position that Defendant was barred from attempting to apply its LWO against Plaintiff on the grounds of federal preemption. Defendant also denied Plaintiff's request for an extension of time to resolve the legal applicability of the LWO in lieu of providing the requested documents.

20. Plaintiff subsequently provided Defendant with supplemental wage information on or about July 23, 2009.

21. By letter dated July 27, 2009, Defendant notified Plaintiff that it had "determined that LSG Sky Chefs, Inc. has violated the minimum compensation requirements of the City of San Jose Airport Living Wage Ordinance." (Exhibit A). Defendant's July 27, 2009 letter was characterized as an "Administrative Citation" and ordered Plaintiff to pay restitution to 71 employees who worked at the airport in the total amount of $186,188.93, plus pay a fine to Defendant in the amount of $558,566.80 ($186,188.92 x 3). Defendant's Administrative Citation letter closed by informing Plaintiff that the Company had the right to contest the Administrative Citation at a public hearing before Defendant's own City Manager, provided Plaintiff complete a Request for Hearing Form and return such form "together with a deposit of the total Fine amount within thirty (30) days from the date of issuance of this Administrative Citation..."

22. Plaintiff's original deadline for completing the Request for Hearing Form was August 26, 2009. This deadline was subsequently extended several times by mutual agreement of the parties.

23. Pursuant to Section 25.11.1770.E of the LWO, Plaintiff would have forfeited the fine and failed to exhaust its administrative remedies if it failed to timely request and appear at the administrative citation hearing referred to in Defendant's July 27, 2009 letter.

### The Parties' Tolling Agreement

24. Plaintiff filed the original Complaint in this case on August 14, 2009 seeking, *inter alia,* a preliminary injunction barring the City from requiring Plaintiff to formally request an administrative hearing or otherwise contest Defendant's Administrative Citation through the administrative process until and unless a federal court of competent jurisdiction considered and decided whether the LWO applies to Plaintiff, or whether it is preempted by various federal laws.

25. Following extensive negotiations, Plaintiff and Defendant entered into a formal agreement on October 2, 2009 ("Tolling Agreement") under which

Defendant has voluntarily suspended its effort to enforce the LWO against Plaintiff pending final adjudication of Plaintiffs' various preemption claims. (Exhibit B).

26. The Tolling Agreement obviates the need for the preliminary injunction previously sought by Plaintiff.

## FIRST CLAIM FOR RELIEF

### (Supremacy Clause--ADA Preemption)

27. Plaintiff incorporates paragraphs 1 through 26 by reference.

28. The ADA was first passed by Congress in 1978 with the express purpose of deregulating the entire U.S. airline industry. The statute and its underlying purpose remain in effect today.

29. The ADA contains an express preemption provision. That provision currently provides:
> [A] State or political subdivision of a State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route or service of an air carrier...

49 U.S.C. § 41713(b)(1).

30. Due to its ownership by Lufthansa Airlines, as well as the fact that its operations are integrally related and controlled to a significant extent by traditional air carriers, Plaintiff is entitled to preemption protection from the application or enforcement of the LWO as set forth in the ADA. Indeed, Defendant (a political subdivision of a State) has enacted and is enforcing a law (the LWO) having a significant impact on the prices and services of Plaintiff.

31. On information and belief, Defendant's effort to regulate Plaintiff's employees' rates of pay by application of the LWO will have a direct and significant impact on various air carriers' rates, routes and services and is for this additional reason is also preempted by the ADA.

32. The Supremacy Clause invalidates all state laws that interfere with, or are contrary to, federal law. Since it is preempted by the ADA, the LWO is

ATTORNEYS AT LAW
LOS ANGELES

- 7 -    SECOND AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

invalidated by the Supremacy Clause as applied to Plaintiff.

## SECOND CLAIM FOR RELIEF

### (Supremacy Clause--RLA Minor Dispute Preemption)

33. Plaintiff incorporates paragraphs 1 to 32 by reference.

34. While the RLA's statutory language does not contain express preemption language, it is well settled under Supreme Court and Ninth Circuit case law that the RLA preempts any state or local ordinances or other regulations whose enforcement would require interpretation of a collective bargaining agreement entered into pursuant to the RLA. This form of preemption is commonly referred to as "minor dispute" or "Norris" preemption (after the lead case: *Hawaiian Airlines v. Norris*, 512 U.S. 246 (1994).)

35. The Master National Agreement and Local Wage Supplement collectively constitute the "collective bargaining agreement" currently in force and effect between Plaintiff and the Union within the meaning of the RLA.

36. Defendant's attempt to impose the LWO on Plaintiff will inevitably require significant interpretations of the Master National Agreement, as well as the Local Wage Supplement, between Plaintiff and UNITE HERE to determine the alleged additional terms and conditions of employment including "wages," regular and overtime rates of pay, and similar items affected by the LWO.

37. The RLA's minor dispute doctrine, accordingly, preempts Defendant's application of the LWO to Plaintiff.

38. The Supremacy Clause invalidates all state laws that interfere with, or are contrary to, federal law. Since it is preempted by the RLA's "minor dispute" doctrine, the LWO is invalidated by the Supremacy Clause as applied to Plaintiff.

## THIRD CLAIM FOR RELIEF

### (Supremacy Clause--RLA Major Dispute Preemption)

39. Plaintiff incorporates paragraphs 1 to 38 by reference.

40. In addition to "minor dispute/Norris" preemption, it is also well

established by case law that the RLA preempts any effort by states or local governments to interfere with or regulate the collective bargaining process set forth under the RLA. This form of preemption is known as "major dispute" preemption.

41. Defendant's attempt to apply and enforce the LWO will directly and inevitably interfere with the collective bargaining process between Plaintiff and UNITE HERE. As an example, there is no mechanism under the RLA that would allow UNITE HERE to force Plaintiff to grant the mid-term pay increases currently sought by Defendant as part of its enforcement of the LWO. Any such effort would violate the "status quo" provisions of the RLA. Similarly, there is no mechanism under the RLA that would allow Plaintiff to force UNITE HERE to agree to modify the existing language of the collective bargaining agreement to incorporate the "expressly superseding" language set forth in LWO Section 25.11.510 that would exempt Plaintiff from the minimum compensation requirements set forth in the LWO. Again, any such effort would violate the "status quo" provisions of the RLA.

42. Application and enforcement of the LWO would also upset the entire wage increase process and its reliance on local industry standards carefully negotiated over many years between Plaintiff and UNITE HERE, and would further upset the balance of power between labor and management and effectively displace the free market approach to collective bargaining which is at the heart of the RLA.

43. The RLA's "major dispute" doctrine, accordingly, preempts Defendant's application of the LWO to Plaintiff.

44. The Supremacy Clause invalidates all state laws that interfere with, or are contrary to, federal law. Since it is preempted by the RLA's "major dispute" doctrine, the LWO is invalidated by the Supremacy Clause as applied to Plaintiff.

# FOURTH CLAIM FOR RELIEF

## (Equal Protection – Unequal Classification Under both the Federal and State Constitutions)

45. Plaintiff incorporates paragraphs 1 to 44 by reference.

46. Prior to recommending passage of the LWO, the City's Transportation and Environment Committee solicited input from a variety of sources concerning the potentially negative impact of the LWO on various airport businesses.

47. Southwest Airlines responded to the City's request for input by letter dated September 22, 2008 objecting to the LWO on the grounds that it would adversely affect its business. Southwest Airlines expressly requested an exemption that would apply to all of its employees covered by a union contract.

48. While the City did not grant Southwest the broad exemption that it sought, the City redrafted the LWO shortly after receipt of Southwest's September 22, 2008 letter granting a two year "exemption" to Southwest and other passenger airlines whereby these companies are permitted to count employer contributions to both health plans and pension plans towards the minimum wage set forth in the LWO. Said amendment was thereafter included in the final draft of the LWO passed by the City Council on or about October 26, 2008.

49. Southwest Airlines is the largest passenger airline currently operating at the San Jose International Airport.

50. On information and belief, the City's decision to redraft the LWO to include the exemption set forth in paragraph 48 was a direct response to Southwest's objection set forth in paragraph 48.

51. The exemption set forth paragraph 48 did not apply to Plaintiff even though it is wholly-owned by an airline; it, like Southwest Airlines, is engaged in a business that is directly affected by the economic situation in the airline industry; it, like Southwest Airlines, is subject to the RLA and hence faces the same potential for labor disruptions as passenger airlines; and it, like Southwest Airlines, conducts

catering operations that compete for business among the various airlines operating out of the San Jose International Airport.

52. The equal protection clauses of both the federal and State of California Constitutions prohibit cities acting in their sovereign capacity from enacting legislation that unequally classifies those who are subject to and adversely impacted by the legislation without a rational basis for the classification.

53. Here, the decision of the City to partially exempt Southwest Airlines (and other passenger airlines) from the impact of the LWO for a period of two years (2009-2010) as set forth in paragraph 48 is not rational and violates the Equal Protection Clauses of both the California and federal Constitution as it has and will continue to put Plaintiff at a significant competitive disadvantage as it attempts to sell its services to various airlines operating in and out of the San Jose International Airport.

## FIFTH CLAIM FOR RELIEF

### (Declaratory Relief)

54. Plaintiff incorporates paragraphs 1 to 53 by reference.

55. A dispute and actual controversy has arisen between Plaintiff and Defendant. Plaintiff contends the LWO does not apply to its operations at the Norman Y. Mineta San Jose International Airport due to federal preemption and the Supremacy Clause and Equal Protection Clauses. Defendant contends the LWO applies to Plaintiff's operations, and is attempting to enforce the LWO against Plaintiff.

56. Plaintiff desires and seeks a judicial declaration of its rights in this regard. Such a declaration is necessary and appropriate so that Plaintiff and Defendant may ascertain their respective rights, duties and obligations with regard to the LWO and Plaintiff's operations at the Norman Y. Mineta San Jose International Airport.

## PRAYER FOR RELIEF

Wherefore, upon consideration of all of the evidence and arguments of the parties, Plaintiff asks this Court:

1. to issue a permanent injunction prohibiting Defendant from attempting to apply or enforce any of the provisions of the LWO against Plaintiff;

2. to declare that Plaintiff is not subject to the LWO as its provisions are preempted by federal law and accordingly invalid under the Supremacy Clause as applied to Plaintiff; and

3. to grant such other and further relief as this Court should find just and proper.

Dated: February 16, 2010

FORD & HARRISON LLP

By: _____
Jesse M. Caryl
Norman A. Quandt
Attorneys for Plaintiff
Sky Chefs, Inc.

SECOND AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF